

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William A. Griffis, Jr.
County Attorney
Gaines County
Seminole, Texas

Dear Sir:

Opinion No. 0-3691
Re: Does the superintendent
of the staff of the State
Hospital at Big Spring
have authority to charge
a fee of $100 for an
examination and opinion
as to the sanity of a
prisoner charged with a
felony in Gaines County?
and related questions.

Your letter of June 11, 1941, requesting the opinion of
this Department upon the questions herein stated, has been
received.

We quote from your letter as follows:

"The following question has arisen in Gaines
County, Texas, which I should like to have determined
by your office by way of an opinion thereon, since
I am unable to find any authority on the proposition:

"Do the County Attorney and/or Sheriff of Gaines
County, Texas, have authority under the law to demand
and receive an examination and opinion from the
medical staff of the State Hospital at Big Spring,
Texas, as to the sanity of a prisoner charged with a
felony in Gaines County, Texas, when such opinion and
examination is requested prior to any commitment of
the subject in question to such hospital; and, if such
examination is authorized under the law, does the
superintendent and/or staff of said hospital have

Hon. William A. Griffis, Jr., page 2

authority to charge a fee of $100.00 for such examination, or any fee whatsoever?

"The facts giving rise to this question are briefly as follows:

"One Ralph Prather was apprehended by the Sheriff's Department of Gaines County, Texas, after committing a murder in said county and being charged by complaint with the offense of murder with malice. After his arrest had taken place, the Sheriff felt and I also felt, as County Attorney, that the accused was, and is, unquestionably insane and incapable of distinguishing right from wrong. We thereupon had the accused examined by the County Health Officer, who stated that in his opinion the man was insane. The County Health Officer suggested that the opinion of an expert should be obtained, in view of the seriousness of the crime with which the accused stands charged. To that end, I instructed him to telephone the Superintendent of the State Hospital at Big Spring and request an examination from such hospital, of the accused, with the understanding that the authorities of Gaines County would transport the accused to Big Spring and return him at their own expense. In this matter, I took the position that if an expert was of the opinion that the man was hopelessly insane, it would be my duty to spare the State and county the useless expense of a trial for murder in the District Court of this county, together with the unusual expense of calling a special venire for the trial, and that it would be my duty to file a lunacy complaint against the accused and have him tried and sent to the State Hospital. When the County Health Officer telephoned the Superintendent of the State Hospital at Big Spring, he was informed that even though the authorities provided transportation for the accused to and from Big Spring, Texas, that the examination could not be conducted on the 'State's time,' and that the Superintendent of the State Hospital would charge a fee of $100.00 for the examination, since he was not authorized under the law to make such examination as an employee of the State, and that he would further exact an additional fee of $100.00 should he be called upon to testify upon trial of the accused."

Hon. William A. Griffis, Jr., page 3

Article 23 of Vernon's Annotated Penal Code provides:

"The word 'accused' is intended to refer
to any person who, in a legal manner, is held to
answer for an offense, at any stage of the pro-
ceeding, or against whom complaint in a lawful
manner is made charging an offense, including all
proceedings from the order for arrest to the final
execution of the law. The word 'defendant' is used
in the same sense."

It is stated in Texas Jurisprudence, Volume 12, page 382,
that:

"The making of a complaint and the filing of
the same in the County Court in case of offense
is a misdemeanor, or with a magistrate of the county,
if the offense is a felony, is the commencement of a
criminal action or prosecution; and the proceeding
is held to be pending from that time. The filing or
presentment of an information, or the finding of an
indictment, is not necessary to the commencement of the
prosecution or action.

"In a purely criminal prosecution, the case is
pending so long as the question of the guilt or
innocence of the accused remains undetermined, . . . ."

Article 5561a, Vernon's Annotated Civil Statutes, sets
forth the manner of apprehension, arrests and trial of persons
who are alleged to be of unsound mind and not charged with a
criminal offense.

Under the facts stated in your letter, one Ralph Prather
is charged by complaint with the offense of murder with malice.
As the above mentioned person is charged with a criminal offense,
it is apparent that a judicial proceeding is not authorized
or cannot be had under Article 5561a, Vernon's Annotated Civil
Statutes, to determine whether or not the accused is of un-
sound mind.

Where a person is charged with a criminal offense, insanity
may be interposed as a defense and the defendant tried on that
issue alone. When insanity is interposed as a defense, the
procedure to be followed is that set out by Article 932a,
Vernon's Annotated Code of Criminal Procedure.

Hon. William A. Griffis, Jr., page 4

Article 1036, Code of Criminal Procedure provides compensation for witnesses in felony cases in attendance upon the District Court and grand jury in counties other than that of their residence. Witnesses for attendance upon the District Courts and grand juries within the county of their residence are not compensated.

We quote from Tex. Jur., Vol. 19, page 453, as follows:

"An expert may be required to testify as to the facts within his knowledge without any compensation other then that received by an ordinary witness for attendance on court, notwithstanding such knowledge may have been acquired through study and practice. He may not, however, be required to engage in experiments or incur expenses in order to qualify himself to testify in a particular case. Thus, where a medical expert has made a post mortem examination he may be compelled to disclose the results of that examination without extra compensation, but he may not be compelled to make such examination without being paid for it.

"If the services required of the expert are such that he may not be compelled to render it under the ordinary process of the court, or agreement by the one seeking the service to compensate the expert for it is valid; but the compensation of the expert may not be made to depend upon the contingency of the successful outcome of the litigation."

We quote from A. L. R., Vol. 16, pages 462-3-4, as follows:

"The rule is that a so-called expert witness is not entitled to extra compensation for any testimony which he may be required to give under an ordinary subpoena of the court. . . . A physician called to attend court as a witness cannot bargain for extra compensation for the service of attending court as a witness. And he cannot make charges for examinations and consultations preparatory to trial, dependent upon the contingency of being required to testify in a law suit. The court says that plaintiff's duty as a citizen compel him

Hon. William A. Griffis, Jr., page 5

to appear as a witness and give testimony, without any other pay than fees allowed by law, and he should not be permitted to evade that duty by the palpable excuse of contract for a contingent fee. (Burnet v. Freeman, 115 S. W. 488.)

"In general, if the service required of the expert is such that he cannot be compelled to render it under the ordinary process of the court, an agreement by the one seeking the service, to compensate the expert for it, is valid."

In the case of Philler v. Waukesha County, 120 N. W. 829, (Wis. case) which was an action by a physician against the county for services performed as an expert in a criminal case, there is a dictum to the effect that, if a person desires that any witness equip himself with knowledge by research or inspection, he may employ him to do so but such employment will be controlled by the ordinary rules of contract express or implied. In Peoples, ex rel, Pripp vs. Cayuga County, 50 N. Y. Sup. 16, which involves the validity of a contract by a district attorney employing an expert for a murder trial, the court says that it is a well known fact that expert witnesses are usually paid extra compensation for their services when called in many cases, and the question as to the amount they shall receive is usually regulated by contract. In People, ex rel. Hamilton vs. Jefferson County, 54 N. W. Sup. 762, which was an action for services rendered by an expert in a criminal case, it appears that the statute provided for payment of expenses incurred by the district attorney, and, the contract having been made by him, the court said it was competent for the attorney to bind the county for such services.

The Code of Criminal Procedure (Art. 1079) provides that the cost accruing from the attendance of witnesses in criminal cases shall be taxed against the defendant if he is convicted, and provision is made for the payment of witness fees by the State in felony cases by Article 1036, Code of Criminal Procedure, supra.

In this state the right of witnesses to receive compensation for their attendance is statutory, and they are entitled to such fees only as the statutes prescribe.

Article 259, Vernon's Annotated Code of Criminal Procedure, provides:

Hon. William A. Griffis, Jr., page 6

"Upon examination of one accused of a
capital offense, no magistrate other than a judge
of the Court of Criminal Appeals, district court
or county court, shall have power to discharge the
defendant. Any magistrate may admit to bail,
except in capital cases where the proof is evident."

It is stated in your letter that the accused is charged
by complaint with the offense of murder. The same is a
capital offense, and the Court of Criminal Appeals held in the
case, Ex parte Guynn, 32 S. W. (2d) 187, that where the accused
is charged with a capital offense, the examining magistrate is
without authority to discharge the accused. You have not stated
whether or not the magistrate before whom the complaint was
filed is a justice of the peace. However, in the absence
of a statement to the contrary, for the purpose of this opinion,
we assume that this complaint was filed with a justice of the
peace sitting as a magistrate. Therefore, the magistrate can
not discharge the accused. In order to determine the sanity
of the accused, we think the only procedure is to indict him
charging the offense of murder. After the indictment has been
returned, and where insanity is interposed as a defense, the
defendant or accused may be tried on that issue alone in the
District Court before the main charge. If the jury finds the
defendant insane, or to have been insane at the time the act
is alleged to have been committed, they shall so state in their
verdict, or if the jury finds that the defendant was insane at
the time the act is alleged to have been committed but sane at
the trial, he shall be immediately discharged. If the jury
finds that the defendant was insane at the time the act is
alleged to have been committed and insane at the time of the
trial, or sane at the time the act is alleged to have been
committed and insane at the time of the trial, the court shall
thereupon make and have entered on the minutes of the court an
order committing the defendant to the custody of the sheriff,
to be kept subject to the further order of the county judge of
the county, and the proceedings shall forthwith be certified
to the county judge who shall at once take the necessary steps
to have the defendant committed to and confined in the State
Hospital for the insane until he becomes sane. On the other
hand, when the defense on the trial of the main charge is the
insanity of the defendant the jury shall be instructed, if they
acquit him on that ground, to state that fact with their verdict,
and if they further find the defendant to have been insane
at the time the act is alleged to have been committed, but sane
at the time of the trial, he shall be immediately discharged.

However, if the jury finds that the defendant was insane at the time the act is alleged to have been committed and insane at the time of trial, or sane at the time the act is alleged to have been committed and insane at the time of the trial, the court shall thereupon make and have entered on the minutes of the court an order committing the defendant to the custody of the sheriff, to be kept subject to further order of the county judge of the county, and the proceedings shall forthwith be certified to the county judge who shall at once take the necessary steps to have the defendant committed to and confined in a State Hospital for the insane until he becomes sane. (Art. 932a, V. A. C. C. P.)

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this Department that the county attorney or sheriff of Gaines County does not have the legal authority to demand and receive an examination and opinion of the medical staff of the State Hospital at Big Spring, Texas, as to the sanity of the prisoner charged with a felony in Gaines County, Texas. It is our further opinion that the party charged with a criminal offense cannot now be tried in the county court to determine whether or not he is of unsound mind under Article 5561a, Vernon's Annotated Civil Statutes. It is clear under the above mentioned authorities that the physician would not be authorized by law to charge and receive a $100 fee in the event he is called upon to testify upon the trial of the accused. As stated above, in this State the right of witnesses to receive compensation for their attendance is statutory, and they are entitled to such fees only as the statutes prescribe.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:N

APPROVED JUN 24, 1941

Glenn R. Lewis

Acting ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

